**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

United States of America,

        Plaintiff,

  v.

Thomas James Martin,

        Defendant.

**MEMORANDUM OPINION
AND ORDER**
Criminal No. 02-127 (1) ADM/AJB

_____

David M. Genrich, Assistant United States Attorney, Minneapolis, MN, on behalf of Plaintiff.

Paul Engh, Esq., Engh Law Office, Minneapolis, MN, on behalf of Defendant.
_____

## I.  INTRODUCTION

This matter is before the undersigned United States District Judge on Defendant Thomas Martin's ("Defendant") Motion for Exemption from Disqualification ("Def.'s Mot.") [Docket No. 319].  As a former labor union business manager convicted of misusing union funds, Defendant is statutorily barred for thirteen years from holding certain positions of authority within a labor related organization.  29 U.S.C. § 504(a).  In his Motion, Defendant seeks an exemption from the statutory disqualification.

Plaintiff United States of America ("the Government") opposes Defendant's Motion.  The Government argues that given the nature and gravity of Defendant's disqualifying crimes and their direct relationship to union business, granting an exemption from the employment prohibition would contradict the intended purposes of the statute.  Government's Resp. 7-11 [Docket 324].  The Government also contends that Defendant is not entitled to an exemption because he has not clearly shown that he has been rehabilitated since the disqualifying crimes were committed.  Id. at 11-13.

A hearing was held on March 19, 2009.  In addition to oral argument by counsel, Defendant was present and addressed the Court directly on his rehabilitation efforts and his motivation for seeking an exemption.

## II. BACKGROUND[1]

Defendant served as business manager for the Plumber's Union Local 15 ("the Union") from January 1997 to March 2002. In this role, Defendant managed the Union's market recovery fund, which was used to subsidize member contractors so that they could bid competitively with non-union contractors. Martin, 369 F.3d at 1049-50.

During his tenure, Defendant used market recovery funds to pay for plumbing services at six residences belonging to relatives, friends, and business acquaintances. Id. at 1050. One residence belonged to a Minneapolis City Councilman who received the plumbing services in exchange for the Councilman's vote to put Defendant on the Minneapolis Plumber's Examining Board. Id. During an investigation into these transactions, Defendant made statements regarding his intent to destroy evidence and backdate checks to alter the evidence. Id. at 1054.

In November 2002, Defendant pled guilty to theft from a labor organization in violation of 29 U.S.C. § 501 and mail fraud in violation of 18 U.S.C. §§ 1341, 1346. Plea Agreement, Nov. 25, 2002 [Docket No. 216]. In April, 2003, this Court sentenced Defendant to imprisonment for a term of 24 months, followed by a three-year term of supervised release. Sentencing J., Apr. 2, 2003 [Docket No. 250].[2] A condition of his supervised release, as required by 29 U.S.C. § 504(a), disqualifies Defendant from serving as an officer, advisor, consultant, or similar position in a labor related organization for thirteen years following the end of his imprisonment. Id. Defendant was released from prison on November 19, 2004. Def.'s Mot. ¶ 8. The statutory disqualification provision expires on November 19, 2017.

At the hearing on the present Motion, Defendant explained his employment in the union plumbing industry for over three decades, first as a plumber for fifteen years and then as a business manager for the plumber's union for nineteen years. Defendant is 63 years old and has

---

[1] Only the facts relevant to this Motion are summarized here. A complete chronicling of the criminal case is found in United States v. Martin, 369 F.3d 1046 (8th Cir. 2004).

[2] The Court applied an obstruction of justice sentencing enhancement based on Defendant's attempts to knowingly impede the investigation. Martin, 369 F.3d at 1055.

suffered substantial injury to his biceps, which prevents him from "working with the tools" as a plumber. Defendant also stated that his union pension prevents him from taking non-union employment. Defendant communicated effectively that his union background runs deep in his heredity and is central to his identity and self-esteem.

Defendant seeks an exemption from the employment disqualification in 29 U.S.C. § 504(a), asserting that it precludes him from being a union member,[3] and thus leaves him "frozen out" of the plumbing industry. Def.'s Mot. ¶¶ 10-11. He posits that the purpose of the exemption is to allow a defendant gainful employment in his chosen field if he can show his ability to do so lawfully. Id. at ¶ 12. Defendant does not specify what type of position he wishes to hold within a labor related organization.

The Government opposes Defendant's exemption request, arguing that Defendant has not clearly shown that he has been rehabilitated to the point where he can be trusted to hold a position of trust in a union organization. Government's Resp. 11-13. The Government supports this contention with the declaration of Guy Hendrich ("Hendrich"), an investigator for the Office of Labor Management Standards. Government's Resp., Attach. B ("Hendrich Decl.") Hendrich conducted an investigation relating to Defendant's request for an exemption. Hendrich Decl. ¶ 2. The investigation included interviews with union officials and character witnesses. Id. ¶ 3. When interviewees were asked whether the Defendant should be allowed to "hold union office," some noted that Defendant violated and betrayed the trust of union members. Id., ¶¶ 9, 13. Others felt that allowing Defendant to serve as a union official or consultant would be a "bad idea" or unfair to union members. Id., ¶¶ 6, 7, 8. The Government further contends that the Defendant's request lacks the specificity required for an exemption, in that Defendant has not stated the type of position he seeks to hold within a labor related organization. Government's Resp. 10-11. Finally, the Government argues that the nature and gravity of Defendant's crimes

---

[3] Contrary to his assertions, Defendant is still entitled to be a member of a union. By disqualifying a person from serving "in any capacity, *other than in his capacity as a member of such labor organization*," 29 U.S.C. § 504(a)(5) (emphasis added), the statute directly contemplates a convicted person's ability to be a member of a union.

constitute the type of conduct Congress intended to eradicate under the Labor Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. §§ 401-531, and that granting an exemption to the employment prohibition would contradict the purposes of the statute. Id., 7-9.

### III. DISCUSSION

Section 504 (a) of the LMRDA prohibits persons convicted of specified crimes from holding a position of authority in a labor union or in the area of labor-management relations until thirteen years after the conviction of the crime or after the end of imprisonment, whichever is later.  The provision includes an exemption from the thirteen-year period if the sentencing judge, pursuant to sentencing guidelines and policy statements issued by the United States Sentencing Commission, determines that such person's service in the otherwise prohibited employment positions "would not be contrary to the purposes of this chapter."  29 U.S.C. § 504(a)(B).[4]  See also United States v. Cullison, 422 F. Supp. 2d 65, 69 (D.D.C. 2006); Carollo v. Herman, 84 F. Supp. 2d 374, 376 (E.D.N.Y. 2000).

#### A.  Sentencing Guideline and Policy Statement

The sentencing guideline directed to 29 U.S.C. § 504(a)(B) states that:

> [r]elief shall not be given to aid rehabilitation, but may be granted only following a clear demonstration by the convicted person that he or she has been rehabilitated since commission of the disqualifying crime and can therefore be trusted not to endanger the organization in the position for which he or she seeks relief from the disability.

U.S.S.G. § 5J1.1.  When interpreting this guideline, consideration is given to whether a defendant's crime bears a direct relation to union employment.  See Cullison, 422 F. Supp. 2d at 72 (exemption denied despite defendant's commendable activities following conviction, because

---

[4] Section 504(a) also provides for a reduction of the disqualification period if the sentencing court, on motion of the person convicted, sets a lesser disqualification period of at least three years after conviction or imprisonment, whichever is later.  Defendant's Motion requests an exemption from, not a reduction of, the employment prohibition period.  Def.'s Mot. 1, 3-4.  Even if the Court were to construe Defendant's Motion as including a request for a reduction of the disqualification period, such request is currently denied without prejudice to renewing the request with more specificity after a two year period.  This denial is premised on the same rationale applied to the denial of Defendant's request for an exemption.

defendant abused position of trust as union official by tampering with voting ballots).

At the hearing, Defendant made a statement to the Court concerning his rehabilitation. He explained that his incarceration provided him an opportunity for reflection and that he left prison as a changed man, with a deep appreciation for his family and friends and a strong desire to redeem himself to those he disappointed. The Court found Defendant to be sincere and believes that Defendant has presented strong evidence of rehabilitation. However, the sentencing guideline policy statement requires the Court to determine that Defendant "can . . . be trusted not to endanger the organization *in the position for which he . . . seeks relief from the disability*." U.S.S.G. § 5J1.1 (emphasis added). Defendant has not specified the type of position he seeks, which makes it difficult for the Court to determine if Defendant can be trusted in a fiduciary role.[5]

Moreover, Defendant's past crimes bear a direct nexus to his former position as a union official, a position of trust which he breached and power which he abused. Granting what is meant to be a rare exception to the statutory prohibition period and allowing Defendant to again serve in a fiduciary position within a labor related organization undermines the trust of union members and the general public in the integrity of the union system. Thus, while the Court finds Defendant may be qualified for the exemption based on his rehabilitation and remorse, the harm to public perception and the implementation of the public policy considerations of the LMRDA are compelling arguments against granting the exemption at this time.

**B. Purposes of the LMRDA**

Congress enacted the LMRDA to ensure "that labor organizations, employers, and their officials adhere to the highest standards of responsibility and ethical conduct in administering the affairs of their organizations, particularly as they affect labor-management relations." 29 U.S.C. § 401(a). See also Illario v. Frawley, 426 F. Supp. 1132, 1136 (D.N.J. 1977); Carollo, 84 F.

---

[5] At the hearing, Defendant's attorney suggested that the Court grant the exemption subject to any restrictions the Court may wish to impose as to positions or duties the Defendant would be prohibited from assuming. However, this solution presents practical difficulties in supervising and enforcing such limitations. Accordingly, the Court declines to pursue this approach.

Supp. 2d at 376.  Congress placed a specific focus on the fiduciary responsibilities of labor officers and similar agents, noting that such authorities "occupy positions of trust."  29 U.S.C. § 501(a).  As such, they have a duty to hold the labor organization's money solely for the benefit of its members and must refrain from acting against the labor organization's interests or profiting in any way from transactions conducted while in their positions of authority.  Id.

The thirteen-year employment prohibition under 29 U.S.C. § 504(a) operates as a safeguard against officer misconduct.  Illario, 426 F. Supp. at 1137.  Of the disqualifying crimes specified in 29 U.S.C. § 504(a), some crimes such as murder and assault are wholly unrelated to union employment, while other crimes, such as felonies involving abuse or misuse of one's position in a labor organization to obtain illegal gain at the expense of union members, are directly related to employment as a union official.  Id. at 1137.  See also Cullison, 422 F. Supp. 2d at 72.

Defendant abused his fiduciary position as a labor union business manager by funneling union funds toward payment of plumbing services for friends, relatives, and a public official.  These crimes were committed by Defendant while carrying out his role as a union official.  Defendant's actions were "precisely the type of activity the statute is directed against."  Cullison, 422 F. Supp. 2d at 69.  As such, the nexus between Defendant's criminal behavior and the purposes of the statute is so direct that exempting him from the employment prohibition at this time so that he can reassume a position of trust and authority within a labor related organization would contradict the purposes of the statute.   Accordingly, Defendant's request for an exemption from employment disqualification must presently be denied.

### C.  Future Consideration

The Court is willing to reconsider Defendant's request after more time has elapsed.  Requiring further passage of time is consistent with the LMRDA's legislative history.  Congress amended the LMRDA in 1984 to increase the employment disqualification period from five years to thirteen years.  Act of Oct. 12, 1984, Pub. L. No. 98-473, § 803(a), 1984 U.S.C.C.A.N.

(98 Stat.) 2133.  When considering the amendment, Congress noted that the exemption under 29 U.S.C. § 504(a) provides for relief in "[t]he rare occasions where a [thirteen] year ban might be considered too harsh."  Remarks of Senator Orrin Hatch at 128 Cong. Rec. 18258.

Here, Defendant's age and physical condition are factors to consider in determining whether the thirteen-year ban yields an overly harsh result.  Defendant will be 72 before the thirteen-year prohibition expires.  His physical injuries prevent him from working as a laborer in the plumbing industry, and he would forfeit his pension if he were to obtain non-union employment.  The Court is confident, based on Defendant's showing of rehabilitation at the hearing, that Defendant will not repeat his crimes or otherwise breach whatever trust may be bestowed upon him in the future.  Thus, though unwilling to grant an exemption now after four years, a period shorter than the five-year prohibition period initially set by Congress, the Court will allow the Defendant to renew his request with greater specificity after more time has elapsed and the past breach of trust has been given further opportunity to heal.

## IV.  CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion for Exemption from Disqualification [Docket No. 319] is **DENIED** without prejudice to renew the Motion with more specificity after a period of two years.

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  April 1, 2009.